HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID PAULEY,<br><br>        Plaintiff,<br><br>  v.<br><br>SNOHOMISH COUNTY PUBLIC UTILITY DISTRICT NO. 1,<br><br>        Defendant. | No. 2:22-cv-01129-RAJ<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

## I.  INTRODUCTION

This matter comes before the court on Defendant Snohomish County Public Utility's ("Defendant") Motion to Dismiss for Failure to State a Claim ("Motion"). Dkt. # 7. Plaintiff David Pauley ("Plaintiff") opposes the Motion. Dkt. # 9. For the reasons set forth below, the Court **GRANTS** Defendant's Motion.

ORDER – 1

## II.  BACKGROUND

Plaintiff, along with two other plaintiffs, filed a complaint against their employer Snohomish County Public Utility District No. 1, ("Defendant" or "PUD") on March 4, 2022, in Snohomish County Superior Court. *Pauley et al. v. Snohomish Cty. Public Utility Dist. No. 1*, Snohomish Cty. Sup. Ct. Cause No. 22-2-01226-31; Dkt. # 8 (Decl. of Per Jansen Exs. 1-10).[1] Defendant moved to dismiss Plaintiff's claim for common law retaliation in violation of public policy by PUD. *Id*. The Snohomish County Superior Court held a hearing on Defendant's motion to dismiss on July 8, 2022, and ultimately dismissed Plaintiff's retaliation claim "due to binding authority." *Id*.

Plaintiff subsequently filed a new complaint against the Defendant in Snohomish County Superior Court alleging retaliation under § 1983. Dkt. # 1. Defendant removed the suit from state court to this Court and filed the instant motion to dismiss. Dkt. # 1. Defendant moves to dismiss the complaint on failure to state a claim and res judicata grounds. *Id.*

## III.  DISCUSSION

### a.  Rule 12(b)(6)

Fed. R. Civ. P. 12(b)(6) permits a court to dismiss a complaint for failure to state a claim.  The rule requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). A court "need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell*

---

[1] A court typically cannot consider evidence beyond the four corners of the complaint, although it may rely on a document to which the complaint refers if the document is central to the party's claims and its authenticity is not in question. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). A court may also consider evidence subject to judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). The Court takes judicial notice of the filings in the underlying lawsuit.

ORDER – 2

*Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). Further, a complaint that only offers labels, conclusions, "formulaic recitation[s]" of the elements of a cause of action, or "naked assertion[s]" without "factual enhancement" will not suffice. *Iqbal*, 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 557).

Here, Plaintiff states in his complaint that PUD engaged in an "inappropriate policy and custom of retaliation" after Plaintiff exercised his "First Amendment right to free speech and report[ed] work-related actions of employee's falsifying timesheets." Dkt. # 1-2 at 6. He further states that this retaliation policy was "sanctioned by [PUD's] supervisory administration to whom [Plaintiff] reported." *Id.* To support these allegations, Plaintiff asserts multiple instances of mistreatment and harassment by coworkers and supervisors leading up to his demotion. Dkt. # 1-2. Plaintiff then provides facts alleging continued mistreatment and harassment by his supervisors following his demotion. *Id.*

There are three established scenarios in which a municipality may be liable for constitutional violations under 42 U.S.C. § 1983. "First, a local government may be held liable 'when implementation of its official policies or established customs inflicts the constitutional injury.' " *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1249 (9th Cir. 2012) *overruled on other grounds by Castro v. Cnty. of Los Angeles,* 833 F.3d 1060, 1067–68 (9th Cir. 2016) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 708 (1978)). Second, a plaintiff can prevail by identifying acts of omission, such as a pervasive failure to train its employees, "when such omissions amount to the local government's own official policy." *Id*. Omission as the result of a failure to train is established when "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 390 (1989). "A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to

ORDER – 3

demonstrate deliberate indifference for purposes of failure to train" because "[w]ithout notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights." *Connick v. Thompson*, 563 U.S. 51, 62 (2011) (internal citations omitted). Third, a municipality "may be held liable under § 1983 when 'the individual who committed the constitutional tort was an official with final policy-making authority' or such an official 'ratified a subordinate's unconstitutional decision or action and the basis for it.' " *Clouthier*, 591 F.3d at 1250 (quoting *Gillette v. Delmore*, 979 F.2d 1342, 1346–47 (9th Cir. 1992)). Plaintiff concludes that his demotion was a result of a policy or custom of retaliation. *Id.* However, despite Plaintiff's allegation of multiple instances of improper actions by supervisors, his demotion was the only retaliatory act alleged. As a result, Plaintiff's complaint falls short of the plausibility standard. Plaintiff's complaint reads as a formulaic recitation of the cause of action supported by conclusory allegations.

### b. Res Judicata

"Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *Western Radio Servs. Co. v. Glickman,* 123 F.3d 1189, 1192 (9th Cir.1997). The doctrine is applicable whenever there is "(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." *Id.*

Plaintiff contends that res judicata does not apply because the claims in the two actions were not the same. Dkt. # 9. But there is no genuine dispute about the identity of the parties or whether there was a final judgment on the merits on Plaintiff's previous claim. Plaintiff's previous action alleged common law retaliation. *See Pauley et al. v. Snohomish Cty Public Utility Dist. No. 1*, Snohomish Cty. Sup. Ct. Cause No. 22-2-01226-31; Dkt. # 8 (Decl. of Per Jansen Exs. 1-10). The instant action alleges retaliation under § 1983. Dkt. # 1. Plaintiff contends that his latter claims are distinct because the subject matter and causes of action are different in the present action. Dkt. # 9.

ORDER – 4

"The central criterion in determining whether there is an identity of claims between the first and second adjudications is 'whether the two suits arise out of the same transactional nucleus of facts.'" *Frank v. United Airlines, Inc.*, 216 F.3d 845, 851 (9th Cir. 2000). Here, both causes of action are predicated on wrongful retaliation and allege identical facts. Specifically, Plaintiff claims that he acted as a whistleblower when he reported an employee to management for falsely claiming working hours, and as a result, management demoted him and required him to complete excessive training. Dkt. # 1-2. Plaintiff's first suit pled a common law retaliation in violation of public policy. *See Pauley et al. v. Snohomish Cty Public Utility Dist. No. 1*, Snohomish Cty. Sup. Ct. Cause No. 22-2-01226-31; Dkt. # 8 (Decl. of Per Jansen Exs. 1-10). Plaintiff now alleges retaliation under § 1983 in the instant action asserting he had a First Amendment right to report work related violations and that management "engaged in an inappropriate policy and custom of retaliation against [Plaintiff] for pursuing his constitutional rights. Dkt. # 1-2. Plaintiff's claims in his first suit and his instant complaint are "all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties ... on the same cause of action." *Gregory v. Widnall*, 153 F.3d 1071, 1074 (9th Cir. 1998) (holding that res judicata bars consideration of a hostile work environment claim that could have been raised in a prior action between the same parties) (internal quotation marks and citation omitted). Therefore, the additional allegations of retaliation are related to the same set of facts as the allegations in Plaintiff's common law retaliation claim for wrongful retaliation, and the two cases could have been pled together. *See Feminist Women's Health Ctr. v. Codispoti*, 63 F.3d 863, 868 (9th Cir. 1995) (holding that res judicata bars subsequent action when the plaintiff "had to produce substantially the same evidence in both suits to sustain its case").

Accordingly, the Court dismisses the Complaint with prejudice on *res judicata* grounds.

ORDER – 5

## IV.    CONCLUSION

For these reasons, the Court **GRANTS** Defendant's Motion to Dismiss. The Complaint is dismissed with prejudice.

DATED this 16th day of March 2023.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER – 6